No. 66,132

In the Matter of HAROLD V. MATNEY, *Respondent.*

(811 P.2d 885)

Opinion filed May 24, 1991.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the disciplinary administrator against Harold V. Matney of Kansas City, Kansas, an attorney admitted to the practice of law in Kansas. The facts, as determined by the hearing panel of the Kansas Board for Discipline of Attorneys (the panel), are not disputed.

On April 25, 1990, the respondent, Harold V. Matney, was tried in the district court of Johnson County, Kansas, on one count of misdemeanor theft. (K.S.A. 21-3701, class A misdemeanor.) The respondent was convicted of theft of property of a value less than $500.

On June 1, 1990, the respondent was sentenced to the custody of the Sheriff of Johnson County, Kansas, for a period of 180 days and was fined $500 and assessed court costs. The court suspended $200 of the fine and the sentence imposed upon the condition that the respondent not violate any laws for a period of 1 year, make restitution of $200 within 30 days, and pay court costs.

The respondent did not appeal his conviction or sentence.

At the hearing before the panel, the disciplinary administrator introduced an authenticated copy of the court file in case No. K-61533 of the District Court of Johnson County, Kansas, styled: *The State of Kansas v. Harold Matney.* The disciplinary administrator relied on Rule 202 (1990 Kan. Ct. R. Annot. 136), Rules of the Supreme Court Relating to Discipline of Attorneys, which provides in part:

"A certificate of a conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evi-

dence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment."

The respondent testified about the events which led to his conviction in the criminal action, his two prior disciplinary proceedings, and matters in mitigation of the pending complaint. He filed no answer to the instant formal complaint. The panel took the matter under advisement and found by clear and convincing evidence that:

"1. The averments contained in the Formal Complaint are true and undisputed by Respondent.

"2. Although no cogent explanation of the events leading to the conviction was given by Respondent, he repeatedly acknowledged responsibility for the violation of K.S.A. 21-3701.

"3. Exhibit A establishes that Respondent violated K.S.A. 21-3701, a class A misdemeanor, through conduct amounting to the theft of $200.00 in cash. Respondent testified that he has paid the fine imposed in the criminal action and paid restitution to the victim.

"4. In an opinion filed July 17, 1987, the Supreme Court of Kansas imposed indefinite suspension in *In re Matney*, 241 Kan. 783 [, 740 P.2d 598 (1987)]. Respondent remains under suspension and has not applied for reinstatement. In addition, Respondent acknowledged that the Supreme Court imposed a private censure on July 27, 1976. According to Respondent, that incident involved confrontations with a witness during and after a court hearing.

"5. Respondent and his family have faced financial hardship and limited opportunities for employment following both his suspension from the practice of law and the criminal conviction. In mitigation of the present charge, Respondent urges that he might have been acquitted in the criminal case if he had the resources to prepare a more thorough defense or to pursue an appeal."

The panel unanimously recommended that the respondent be disbarred.

The disbarment recommendation was based on the following conclusions:

"1. Respondent violated Rule 8.4 [(1990 Kan. Ct. R. Annot. 290)] of the Model Rules of Professional Conduct. The conviction is conclusive evidence that Respondent committed a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects (MRPC 8.4[b]). Likewise, the conviction establishes that Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (MRPC 8.4[c]).

"2. Pursuant to Section 5.1 of the ABA Standards for Imposing Lawyer Sanctions, the Disciplinary Administrator recommends disbarment. Section 5.11 of the ABA Standards states that disbarment is generally appropriate when:

a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

"3. Respondent urges that he should remain under the indefinite suspension imposed on July 17, 1987. Despite the criminal conviction, Respondent testified that he is participating in personal and job counseling which will enable him to demonstrate professional rehabilitation in the future. Respondent did not assert that his crime should be categorized under ABA Standard 5.12 rather than 5.11.

"4. Absent recent prior disciplinary action against the Respondent resulting in suspension, it is doubtful that disbarment would be considered the appropriate discipline in this matter. Section 5.12 of the A.B.A. standards states that suspension is generally appropriate '[w]hen a lawyer knowingly engages in criminal conduct which does not contain the elements listed in standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.' Given the nature of the criminal conduct in issue and the fact that full restitution has been made, it would appear that suspension rather than disbarment would be appropriate under the circumstances.

"5. Given the fact that the Respondent was suspended in 1987 and remains under the order of suspension, the panel is of the opinion that the appropriate recommendation for discipline is disbarment. The A.B.A. standards for imposing lawyers' sanctions provide in section 8.1 as follows:

"Disbarment is generally appropriate when a lawyer:

(A) Intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or

(B) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct [causing] injury or potential injury to a client, the public, the legal system, or the profession.

"The misdemeanor at issue in this proceeding, like the misconduct at issue in the proceedings reported in *In re Matney,* 241 Kan. 783, involve the Respondent's use for his own benefit of monies belonging to others. The panel is of the opinion that the conduct is sufficiently similar such that disbarment is appropriate under subsection (B) of section 8.1. The panel further notes that the A.B.A. Standards for Imposing Lawyer Sanctions

provide in section 9.2 that aggravating circumstances, including the existence of prior disciplinary offenses, may justify an increase in the degree of discipline to be imposed."

The respondent did not file exceptions to the panel report. He did not appear before this court either in person or by counsel.

After a review of the record before this court, we agree with and adopt the panel's findings, conclusions, and recommendations.

IT IS THEREFORE ORDERED that Harold V. Matney be and he is hereby disbarred from the practice of law in this state, and the clerk of the appellate courts is directed to strike his name from the roll of attorneys authorized to practice law in Kansas.

IT IS FURTHER ORDERED that the costs of the proceeding be assessed to the respondent, and that this order be published in the official Kansas Reports.