No. 89,371

In the Matter of ALLEN B. ANGST, *Respondent.*

64 P.3d 350

Opinion filed March 7, 2003.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause and was on the brief for petitioner.

*Keith D. Hoffman,* of Abilene, argued the cause and was on the briefs for respondent, and *Allen B. Angst,* respondent, argued the cause pro se.

*Per Curiam:* This is an original contested proceeding in discipline filed by the Disciplinary Administrator against respondent Allen B. Angst, of Abilene, an attorney admitted to the practice of law in Kansas on May 28, 1982. The alleged misconduct arose during the course of representation of respondent's client, Karen R. Sims, in a contested probate case involving the estate of Geraldine Reed.

The formal complaint alleged the respondent violated KRPC 1.5(a) (2002 Kan. Ct. R. Annot. 352) (unreasonable fee); KRPC 1.16(d) (2002 Kan. Ct. R. Annot. 395) (refunding advance payment upon termination of representation); and KRPC 8.4(c) (2002 Kan. Ct. R. Annot. 449) (misconduct involving dishonesty, fraud, deceit, or misrepresentation). The formal complaint also included a catch-all allegation covering violations of "such other disciplinary and professional conduct rules as [those specifically alleged] give notice of and which the evidence presented at the Formal Hearing may prove."

Highly summarized, the facts underlying these allegations are as follows:

At the time Sims retained respondent, they entered into a written fee agreement whereby Sims agreed to pay respondent "$2,500.00 as a retainer, plus recorded time at an hourly rate of $95.00 per hour" plus various costs. During the course of the representation, Sims paid respondent a total of $4,743.30, plus the court awarded respondent fees from the estate in the amount of $475. Thus, the total fee received was $5,218.30.

The panel found the unrefundable retainer language contained in the fee agreement violated the KRPC. As such, the $2,500 paid by Sims was a refundable fee that the respondent must have earned at his hourly rate in order to retain. The panel further found the fees were unreasonable contrary to KRPC 1.5(a) and that respondent failed to return the unearned fees in violation of KRPC 1.16(d).

As noted by the panel, in *In re Scimeca*, 265 Kan. 742, 759-60, 962 P.2d 1080 (1998):

"If the contract or agreement between the attorney and the client clearly states that the fee advanced is paid as a nonrefundable retainer to commit the attorney to represent the client and not as a fee to be earned by future services, then it is earned by the attorney when paid and is the attorney's money. If, on the other hand, the retainer is to be earned by future services performed by the attorney, then it remains the client's money and subject to MRPC 1.15."

We went on to say that "[a]bsent clear language that the retainer is paid solely to commit the attorney to represent the client and not as a fee to be earned by future services, it is refundable." 265 Kan. at 760. The panel concluded the contract lacked the "clear language" requirement set forth in *Scimeca*.

Respondent filed exceptions to a number of the conclusions of law relative to violations of KRPC 1.5(a) and KRPC 1.16(d). For unknown reasons, the respondent, the Disciplinary Administrator and the hearing panel final report failed to mention the respondent's stipulations, which are determinative of these alleged violations. The transcript of the panel hearing reflects the following exchange occurred at the beginning thereof:

"CHAIRMAN RIDENOUR: . . . One other preliminary matter that—that I have is that there's a stipulation in the answer that says the Board may find a violation. 'May' can sometimes be a little bit of a deceptive word. 'May' can be used in the sense that there could possibly have been a violation or 'may' in the sense that there was a violation. And if so, I guess we would like to know which allegations are—are stipulated that there's a violation of.

"MR. HOFFMAN [Defense Counsel]: Yes sir, we are stipulating that there was a violation.

"CHAIRMAN RIDENOUR: Now, of—of 1.5 then dealing with fees?

"MR. HOFFMAN: Yes, sir.

"CHAIRMAN RIDENOUR: And then, let's see, 1.16, then are you stipulating to that, also?

"MR. HOFFMAN: Yes, sir.

"CHAIRMAN RIDENOUR: 1.16(d) has to do with termination of representation and refunding of advance payment of a fee not—

"MR. HOFFMAN: Yes, sir.

"CHAIRMAN RIDENOUR: So you're stipulating to that one, also?

"MR. HOFFMAN: Yes, sir.

"CHAIRMAN RIDENOUR: All right. Also what about 8.4(c).

"MR. HOFFMAN: On the 8.4(c) where it says, 'In engaging in conduct involving dishonesty, fraud, deceit or misrepresentation,' our answer does not stipulate to that violation.

"CHAIRMAN RIDENOUR: All right. So there's a stipulation of 1.5 and 1.16(d)?

"MR. HOFFMAN: Yes, sir."

In his opening statement, Deputy Disciplinary Administrator Walczak stated:

"Members of the Panel, the Petitioner proposes to call three witnesses in its case as to showing that the conduct engaged by the Respondent involved willful, intentional dishonesty as to the billing. First to call would be the Respondent, the investigator, finally the victim in this case. Plus, the victim will also testify as to matters in aggravation in the aggravation sentencing—mitigation stage. Thank you."

Thus only the charged violation of KRPC 8.4(c) (misconduct involving dishonesty, fraud, deceit, or misrepresentation) was before the panel for determination. The panel found that the petitioner had failed to establish this violation by clear and convincing evidence. Therefore, exceptions to the panel's findings relative to KRPC 8.4(c) are not before us.

As far as the panel's findings of fact and conclusions of law are concerned, all that is properly before us relates to the uncharged violation of KRPC 1.15(b) found by the panel. KRPC 1.15(b) states that upon request by a client, a lawyer "shall promptly render a full accounting." It is unclear whether respondent is challenging the panel's power to find a violation, when such violation is not alleged in the formal complaint.

In *State v. Caenen*, 235 Kan. 451, 681 P.2d 639 (1984), the court addressed the requirements of a disciplinary complaint to ensure due process. Such requirements include fair notice of the charges

which are sufficient to inform the attorney and provide him or her with a meaningful opportunity for explanation and defense. The hearing panel in respondent's case correctly cited to the rules laid down in *Caenen* and applied them to respondent's case. Specifically, in paragraph 4 of the final hearing report, the panel relied on paragraph 9 of the petitioner's complaint and determined that it would support a finding of an additional rule violation. Paragraph 9 alleged:

"9.   On December 10, 2000, Karen Sims wrote the Respondent requesting the return of $1,000.00, and a detailed accounting of all of his billings. . . . The Respondent did not refund any of the advanced fees that were not earned, and did not provide an itemized statement as Ms. Sims had requested, or even tell her how much time he had actually spent on the case and he has yet to do that."

Thus, it was appropriate for the panel to consider this additional rule violation.

Further, the panel's conclusion that respondent did in fact violate Rule 1.15(b) is supported by the record. After the client requested an accounting, respondent refused to provide such an accounting unless the client agreed he could bill her for his efforts. Furthermore, the respondent, in his own testimony, agreed he was duty bound to provide an accounting and did not act appropriately. The panel's findings and conclusions as to this violation are adequately supported by the record.

Finally, respondent takes several exceptions concerning the hearing panel's findings and application of the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the misconduct, and the existence of aggravating or mitigating factors.

Little would be gained by addressing these exceptions individually. Each relates to the panel's process of reaching its recommended discipline. The panel recommends published censure plus repayment by respondent of $2,500 to Sims and $475 to the probate estate. In his brief, respondent requests that we adopt the panel's recommended discipline. Further, respondent has presented evidence he has repaid the $2,500 to his client and the $475

to the probate court for distribution to the heirs in the probate estate. Under these circumstances, respondent is not in a position to challenge the panel's reasoning process.

We therefore conclude that the panel's findings and conclusions supporting violations of KRPC 1.5(a), 1.16(d), and 1.15(b) are supported by clear and convincing evidence, and we conclude respondent committed these violations. We further accept the panel's recommended discipline of published censure.

IT IS THEREFORE ORDERED that Allen B. Angst be and is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2002 Kan. Ct. R. Annot. 224) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports, and that the costs herein be assessed to the respondent.

ABBOTT, J., not participating.

DAVID S. KNUDSON, J., assigned.