No. 92,072

In the Matter of ALLEN B. ANGST, *Respondent.*

(102 P.3d 388)

Opinion filed December 3, 2004.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause and was on the brief for petitioner.

*Keith D. Hoffman,* of Abilene, argued the cause and was on the brief for respondent, and *Allen B. Angst,* respondent, argued the cause pro se.

*Per Curiam:* This is an original contested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Allen B. Angst, of Abilene, an attorney admitted to the practice of law in 1982.

The formal complaint alleged respondent violated Kansas Rules of Professional Conduct (KRPC) 8.4(b) (2003 Kan. Ct. R. Annot. 464) by committing the criminal act of domestic battery. The respondent self-reported his conviction of the misdemeanor offense in the District Court of Dickinson County to the Disciplinary Administrator. The respondent stipulated to the allegations contained in the amended formal disciplinary complaint filed herein which included the conviction.

The facts may be summarized as follows. On January 22, 2002, the respondent's household consisted of respondent, his wife, her 9- and 11-year-old daughters from a prior marriage, and the couple's infant son. An argument broke out which ultimately involved the whole household except for the infant. The younger stepdaughter telephoned the police, and respondent was arrested after the wife told the officer on the scene that respondent had grabbed and pushed her.

In finding the respondent guilty in a bench trial, the district judge stated in pertinent part:

"And I would submit to you, and I think both parties, if they look in their hearts in this matter, would say that, any pushing or shoving or anything else was inci-

dental to the argument. It was not the primary focus of anything. Nobody was striking anybody or kicking anybody.

. . . .

"Mom [Mrs. Angst] says, all along, he grabbed her and shoved her out of the doorway. Unfortunately, a battery has nothing to do with whether or not somebody got hurt or somebody got hit. It's rude, insulting or angry manner, touching; touching in a rude insulting or angry manner. Doesn't have anything to do with hitting, kicking, biting scratching. It has to do with touching.

"Her testimony has been consistent, statement made to the officer that night. . . .

. . . .

"I think there was a battery that occurred that night with respect to her. It's been proven to the Court; and I'll find him guilty of the domestic battery . . . ."

In the Final Hearing Report, the panel made the following conclusions and recommendations.

### "CONCLUSIONS OF LAW

"1.   Kan. Sup. Ct. R. 202 details the 'grounds for discipline,' in pertinent part, as follows:

'A certificate of a conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment. A diversion agreement, for the purposes of any disciplinary proceeding, shall be deemed a conviction of the crimes originally charged. All other civil judgments shall be prima facie evidence of the findings made therein and shall raise a presumption as to their validity. The burden shall be on the respondent to disprove the findings made in the civil judgment.'

"2.   KRPC 8.4(b) provides that '[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' *Id.* The Hearing Panel concludes that the Respondent violated KRPC 8.4(b) by committing the criminal act of domestic battery."

The panel then formulated its recommendation for discipline as follows:

### "RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter "Standards"). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the public and the legal profession to maintain personal integrity.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused potential injury.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on three occasions.

"The Disciplinary Administrator previously informally admonished the Respondent on two occasions. On March 14, 1995, the Disciplinary Administrator informally admonished the Respondent for violating MRPC 1.15. *See* Disciplinary Administrator's Exhibit 5. On November 28, 1995, the Disciplinary Administrator informally admonished the Respondent for violating MRPC 3.4, MRPC 4.4, and MRPC 8.4.

"On March 7, 2003, the Kansas Supreme Court censured the Respondent for having violated KRPC 1.5, KRPC 1.15, and KRPC 1.16. The censure was published in the Kansas Reports at 275 Kan. 388 (2003).

"Refusal to Acknowledge Wrongful Nature of Conduct. The Respondent stipulated to the facts in this case. Despite Kan. Sup. Ct. R. 202, the Respondent maintains that his conviction does not amount to a violation of the Kansas Rules of Professional Conduct.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1982. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of twenty years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Illegal Conduct. The Respondent engaged in illegal conduct when he committed the crime of domestic battery.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Abilene, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Remoteness of Prior Offenses. The discipline imposed in 1995 is remote in time to the misconduct in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be censured by the Kansas Supreme Court. The Hearing Panel further recommends that the censure be published in the Kansas Reports."

## EXCEPTIONS

Respondent has filed the following exceptions to three aspects of the Final Hearing Report:

1. The finding of fact that "[d]uring the argument the Respondent grabbed and pushed his wife";

2. The statement that respondent "knowingly" violated his duty to the public and the legal profession to maintain personal integrity; and

3. The statement that respondent refused to acknowledge the wrongful nature of his conduct.

## DISCUSSION

### The Grabbing and Pushing Finding of Fact

In disciplinary proceedings, "this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.] Any attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence." *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003).

"This court views the findings of fact, conclusions of law, and recommendations made by the disciplinary panel as advisory, but

gives the final hearing report the same dignity as a special verdict by a jury or the findings of a trial court. Thus, the disciplinary panel's report will be adopted where amply sustained by the evidence, but not where it is against the clear weight of the evidence. [Citations omitted.]" *Lober*, 276 Kan. at 636-37. Accord *In re Pyle*, 278 Kan. 230, 236, 91 P.3d 1222 (2004) (quoting *Lober*).

The respondent takes exception to the panel's finding that "during the argument, the respondent grabbed and pushed his wife." He cites to certain passages from the trial transcript wherein the court stated "nobody was striking anybody or kicking anybody" to support his claim. This argument is without merit and specifically ignores that part of the transcript where the district court reviewed the wife's testimony, who said "all along, [that] he grabbed her and shoved her out of the doorway."

Respondent's criminal conviction is conclusive evidence of the commission of that crime in a disciplinary proceeding. Supreme Court Rule 202 (2003 Kan. Ct. R. Annot. 223); *In re Matney*, 248 Kan. 990, 811 P.2d 885 (1991). Respondent was convicted of domestic battery which is defined in relevant part as "intentionally or recklessly causing bodily harm . . .; or intentionally causing physical contact . . . when done in a rude, insulting or angry manner." K.S.A. 2003 Supp. 21-3412a. Thus, the panel's finding of fact that respondent "grabbed and pushed his wife" is supported by his criminal conviction and pertinent parts of the trial transcript. The respondent's exception is without merit.

### Knowingly Violating Respondent's Duty

Respondent takes exception to the panel's finding that he *knowingly* violated his duty to the public and the profession by his conduct. This finding is one of the factors the panel considered in recommending the appropriate sanction. The respondent claims that he was "in no way . . . knowingly violating his duty as an attorney" because "there was only an argument that occurred . . . and [he] was attempting to [leave the premises] when this incident allegedly occurred."

Respondent does not contend his conduct was accidental. The domestic incident resulted in respondent's conviction of domestic

battery. The conviction occurred and is a fact to which respondent stipulated.

The panel reviewed evidence concerning the respondent's conviction including the trial transcript. The respondent also testified at length in mitigation and never claimed that he lacked an awareness or understanding that his conviction constituted a violation of his duty. The panel's finding is supported by the record. We find no merit in this exception.

### Failure to Acknowledge Wrongdoing

Respondent contends his self-reporting of his conviction negates the panel's finding that he does not acknowledge the wrongful nature of his conduct. Respondent reported the fact of his conviction, but argues the conviction is not a violation of KRPC 8.4(b). In essence, respondent's argument is aimed at minimizing his culpability. We find no merit in this exception.

We have reviewed the record and adopt the panel's findings and conclusions that respondent violated KRPC 8.4(b). The panel recommended the discipline of published censure be imposed. Both the Disciplinary Administrator and the respondent agree with the recommended discipline. We agree that such discipline is appropriate.

. IT IS THEREFORE ORDERED that Allen B. Angst be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2003 Kan. Ct. R. Annot. 226) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the respondent.